# MEMORANDUM OPINION

No. 04-08-00196-CR

Albert **ALBAREZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CR-7343
Honorable Philip A. Kazen, Jr., Judge Presiding

PER CURIAM

Sitting:      Karen Angelini, Justice
              Sandee Bryan Marion, Justice
              Phylis J. Speedlin, Justice

Delivered and Filed: June 11, 2008

DISMISSED

Pursuant to a plea-bargain agreement, Albert Albarez pled nolo contendere to deadly conduct with a firearm and was sentenced in accordance with the terms of his plea-bargain agreement. On February 26, 2008, the trial court signed a certification of defendant's right to appeal stating that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). After Albarez filed a notice of appeal, the trial court clerk sent copies of the certification and notice

of appeal to this court. *See id.* 25.2(e). The clerk's record, which includes the trial court's rule 25.2(a)(2) certification, has been filed. *See id.* 25.2(d).

"In a plea bargain case ... a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." TEX. R. APP. P. 25.2(a)(2). The clerk's record, which contains a written plea bargain, establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See id.* 25.2(a)(2). The clerk's record does not include a written motion filed and ruled upon before trial; nor does it indicate that the trial court gave its permission to appeal. The trial court's certification, therefore, appears to accurately reflect that this is a plea-bargain case and that Albarez does not have a right to appeal. We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.* 25.2(d).

We, therefore, warned Albarez that this appeal would be dismissed pursuant to Texas Rule of Appellate Procedure 25.2(d), unless an amended trial court certification showing that he had the right to appeal was made part of the appellate record. *See* TEX. R. APP. P. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order). No such amended trial court certification has been filed. This appeal is, therefore, dismissed pursuant to rule 25.2(d).

PER CURIAM

DO NOT PUBLISH